HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BIVIANO REYES-PONCE, ARMANDO BERNAL-JIMINEZ, RAMON MALTAZAR MAGALLAN,<br><br>Defendants. | Case No. CR 05-5070 RBL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A NEW TRIAL |

This matter is before the court on Defendant ARMANDO BERNAL-JIMINEZ's Motion for a New Trial [Dkt. # 161]. Defendants BIVIANO REYES-PONCE and RAMON MALTAZAR MAGALLAN join in the Motion [Dkt. #s 164 and 165, respectively].

Defendants make four arguments in seeking a new trial under Fed. R. Crim. P. 33 and 48. They argue (1) that the Prosecutors engaged in misconduct in referring to them as Saldivar-Pineda's "army" in rebuttal argument; (2) that the verdict forms were defective, in that the specific amount(s) of drugs at issue was not specifically found as to each individual defendant; (3) that the Court's failure to give a "withdrawal" instruction was error; and (4) that (even in the absence of prejudice) the inadvertent delivery to the jury room of the plea agreement of Mr. Menina-Loza requires a new trial.

The Government disputes each of these arguments, and urges denial of the Motion.

1. The "private army" argument was not designed to and did not inflame the jury's passion or prejudice. Instead, as the Government argues, the evidence supported the characterization of the role of these

three Defendants as armed "protection" for the contemplated transaction. This was consistently the Government's theory, and the argument was consistent with the proof. The argument was not misconduct warranting a new trial. See *United States v. Lester*, 749 F.2d 1288, 1301 (9th Cir. 1984).

2.  The special verdict forms as to the amount of each drug at issue were properly submitted to the jury on behalf of each Defendant. As an initial matter, none of the verdict forms was objected to by any defendant. The court therefore reviews them for plain error, a higher standard than would be applied had the defendants raised a timely objection. *See Jones v. United States*, 527 U.S. 373 (1999). The Defendants who went to trial were all charged with the same conspiracy, and the Government proved that each was in fact involved. The amount of drugs at issue was not really contested, and it was the same for all of the Defendants. As the Government persuasively argues, once the jury found that any given Defendant was a member of the conspiracy, it would have been impossible for them to find that any one of them was responsible for any different amount than any other. In other words, the amount of drugs at issue – as specifically found by the jury – necessarily applied to each member of the conspiracy.

None of the cases cited by the Defendants are analogous the this case, and none supports a finding that the use of the special interrogatories used here amount to the required "plain error" affecting the substantial rights of any Defendant.

3.  The Defendants' proposed "withdrawal" instruction was not warranted, and the failure to give it was not error. Defendants concede that their purported withdrawal is not a defense to the conspiracy with which they each were charged. (*See also* the government's argument on this point at Dkt. #132). They now argue that they were precluded from arguing that they withdrew, and thus that they are not culpable for the substantive crimes committed by their fellow members of the conspiracy prior to their entry or following their withdrawal. However, as the Government argued prior to closing and as it repeats here, withdrawal is only a defense where the defendant does so prior to the commission of the "overt act" necessary for the completion of the conspiracy. Here, the possession with intent and firearm charges do not require the commission of any further "overt act." The past cannot be undone, and the withdrawal instruction was not warranted.

4.  There is no reasonable possibility that the inadvertent delivery of the Menina-Loza plea agreement was a factor in the jury's verdict. Each juror independently and unambiguously stated that they did not see or read the extrinsic evidence. Absent a showing of the possibility of some prejudice, the "irregularity" does not

1 warrant a new trial.

2 The Defendants' Motion for a New Trial [Dkt. # 161] is accordingly DENIED.

3 DATED this 30th day of June, 2005.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE